**Joseph DENSMORE, Jr., Plaintiff–Appellant,**

v.

**CITY OF MAYWOOD; Bruce Leflar; Angel Villegas; Sean Richardson; Jerry Salgado; Robert Leach; Darin Moeller, Defendants–Appellees.**

No. 07–56707.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 20, 2008.*

Filed Nov. 24, 2008.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

E. Thomas Barham, Jr., Esquire, Barham & Ostrow, Los Alamitos, CA, for Plaintiff–Appellant.

Daniel Philliip Barer, Esquire, Pollak Vida & Fisher, Los Angeles, CA, Richard Anthony Semon, Esquire, Bohm Matsen Kegel & Aguilera, LLP, Costa Mesa, CA, for Defendants–Appellees.

Before: CUDAHY,** PREGERSON and HAWKINS, Circuit Judges.

### MEMORANDUM ***

Joseph Densmore, Jr. ("Densmore") appeals the district court's summary judgment grant in favor of the City of Maywood ("City") and several individual police officers employed by the City (collectively, "Defendants"). We reverse and remand for further proceedings in light of our recent decision in *Posey v. Lake Pend Oreille Sch. Dist. No. 84,* 546 F.3d 1121 (9th Cir.2008).

While employed by the City as a probationary police officer, Densmore reported the misconduct of his field training officer, who had used excessive force against a handcuffed suspect. Densmore alleges he was retaliated against and ultimately fired for exercising his First Amendment rights by reporting the incident.

Under *Garcetti v. Ceballos,* 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), to be entitled to First Amendment protection, a public employee must demonstrate that he spoke as a private citizen rather than as a public employee pursuant to his official employment duties. *Id.* at 422–24, 126 S.Ct. 1951. The Court cautioned, however, that formal job descriptions were not determinative, but that the scope of an employee's professional duties must be considered as a "practical" matter. *Id.* at 424–25, 126 S.Ct. 1951.

In this case, Densmore contends that although the police manual contained a very general section directing officers to

---

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

take "prompt and proper police action relative to violations of any law observed by them" regardless of their area of assignment,[1] he was a probationary officer with no official job requirement to investigate or report wrongdoing within the department, i.e, he was not employed as an "internal affairs investigator." He claims he reported his fellow officer's misconduct just as any citizen could do if he or she witnessed a police officer commit a crime.

Finally, Densmore alleges there is a "code of silence" operating within the department, so that in reality he was *not* expected to report his fellow officers, but to cover up their misdeeds. Densmore supported this assertion with his own declaration regarding comments made to him before and after the incident, as well as declarations from independent investigator Larry Weldon and police practices expert Patrick Connolly.

The district court determined that *"Garcetti* requires the Court to first determine *as a matter of law* whether Densmore was speaking 'as a citizen' or, instead, pursuant to his job duties," and ultimately concluded that Densmore's speech was made pursuant to his employment. However, as we recently explained in *Posey,* "the determination whether the speech in question was spoken as a public employee or a private citizen presents a mixed question of fact and law," which "can and should be found by a trier of fact." 546 F.3d at 1129. As in *Posey,* "the pleadings and evidence in this case present genuine disputes of material fact regarding the scope and content of

[Densmore's] job responsibilities." *Id.* at 1129; *see also Paola v. Spada,* 498 F.Supp.2d 502, 509 (D.Conn.2007) (question of fact whether state trooper's report of misconduct was born out of professional duty); *Batt v. City of Oakland,* 2006 WL 1980401, *4 (N.D.Cal.2006) (factual issue whether, notwithstanding official police department policy, culture and direction of superiors created duty *not* to report misconduct).[2]

**REVERSED AND REMANDED** for further proceedings consistent with this disposition.

---

1. As Densmore notes, this general provision appears to require, for example, that a traffic officer must still take police action if he witnesses a robbery. Several months after Densmore was fired, the department added a more specific general order which states "When an employee becomes aware of possible misconduct by another member of this Department, the employee shall immediately notify a supervisor."

2. Densmore's claim that the district court abused its discretion by denying his motion to reconsider the summary judgment motion is thereby moot.

